UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60142-DIMITROULEAS/HUNT(s)
18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 371
31 U.S.C. § 5324(a)(3)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(7)
31 U.S.C. § 5317(c)(l)(A)

UNITED STATES OF AMERICA

v.

JORGE LUIS ALMANSA and
CHRISTIAN CRUZ,
    a/k/a "Chris Cruz,"

    Defendants.
_____/

FILED BY ____BM____ D.C.

Dec 10, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3. Medicare was subdivided into multiple program "parts." Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

### Durable Medical Equipment and the Medicare Enrollment Process

4. DME was equipment designed for everyday or extended use and for a medical purpose, such as orthotic devices, collagen dressing, wheelchairs, prosthetic limbs, nebulizers, and oxygen concentrators.

5. DME companies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers."

6. To participate in Medicare, providers were required to submit an enrollment application, CMS Form 855S, in which the providers agreed to comply with all Medicare-related laws and regulations. For example, the CMS Form 855S required providers to certify that they would "not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare," and would "not submit claims with deliberate ignorance or reckless disregard of their truth or falsity."

7. CMS Form 855S also required applicants to disclose to Medicare any individual or organization with an ownership interest, partnership interest, or managing control of a DME supplier. This included: (a) all individuals and organizations with five percent or more of an ownership stake, either direct or indirect, in the DME supplier; (b) all individuals or organizations with a partnership interest in the DME supplier, regardless of the partner's percentage of ownership; (c) all organizations with "managing control" of the DME supplier; and (d) all "managing employees."

8. CMS Form 855S defined an organization with "managing control" of a DME supplier as "[a]ny organization that exercises operational or managerial control" over the DME supplier, or "conducts the day-to-day operations" of the DME supplier. CMS Form 855S defined "managing employee" as "a general manager, business manager, administrator, director, or other individual who exercises operational or managerial control over, or who directly or indirectly conducts the day-to-day operations" of the DME supplier, "either under contract or through some other arrangement, whether or not the individual is a W-2 employee" of the DME supplier.

9. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

10. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers were required to abide by the Anti-Kickback Statute (prohibiting paying kickbacks to generate federal healthcare program business) and other laws and regulations. Providers were given access to Medicare manuals and services bulletins describing billing procedures, rules, and regulations.

11. Medicare reimbursed DME companies and other health care providers for items and services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

12. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

13. A claim for DME submitted to Medicare qualified for reimbursement only if it was

medically necessary for the treatment of the beneficiary's illness or injury and prescribed by a licensed physician.

### The Defendants and Related Entity

14. Brace Yourself MD LLC ("Brace Yourself") was a Florida corporation located at 2821 East Commercial Blvd., #205, Fort Lauderdale, Florida.

15. At all relevant times, Brace Yourself had a corporate bank account with Wells Fargo Bank (The "Brace Yourself Wells Fargo Account").

16. Defendant **JORGE LUIS ALMANSA** was a beneficial owner of Brace Yourself, and a resident of Broward County, Florida.

17. Defendant **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** was the listed manager and registered agent of Brace Yourself, and a resident of Broward County, Florida.

18. At all relevant times, **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** had a bank account with JPMorgan Chase Bank (the "Cruz Chase Account").

### COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around September 2020, and continuing through in or around June 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIS ALMANSA and**
**CHRISTIAN CRUZ,**
**a/k/a "Chris Cruz,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

   a. to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

   b. to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** caused a certification to CMS and HHS that Brace Yourself would comply with all Medicare laws,

rules, and regulations, including that Brace Yourself would refrain from violation of the Anti-Kickback Statute, and that Brace Yourself would not knowingly present or cause to be presented any false and fraudulent claim for payment by Medicare, nor submit claims for payment by Medicare with deliberate ignorance or reckless disregard of their truth or falsity.

5. **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators proceeded to pay marketers kickbacks and bribes for referrals of Medicare beneficiaries for medically unnecessary DME.

6. The marketers employed call centers that used aggressive, deceptive, and misleading tactics to recruit Medicare beneficiaries for medically unnecessary DME.

7. The marketers used telemedicine companies to generate doctors' orders for DME that were medically unnecessary and ineligible for reimbursement. In many instances, these doctors' orders were written by doctors who did not have a preexisting doctor-patient relationship with the beneficiaries, were not treating the beneficiaries, did not conduct a physical examination of the beneficiaries, and did not conduct a proper telemedicine visit. In some instances, the marketers generated doctors' orders that included the electronic signature of a beneficiary's own doctor without that doctor's permission or authorization.

8. **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators submitted and caused Brace Yourself to submit false and fraudulent claims to Medicare Part B in the approximate amount of $11,417,462 for DME that was medically unnecessary. As a result of such false and fraudulent claims, Medicare paid approximately $3,712,345 to Brace Yourself through its corporate bank account.

9. **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators caused the payment of Medicare fraud proceeds from the Brace Yourself Wells Fargo account to a personal bank account of **CRUZ** and to personal and corporate bank accounts

6

of **ALMANSA**. **ALMANSA** and **CRUZ** used the fraud proceeds to benefit themselves and others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8
## Health Care Fraud
## (18 U.S.C. § 1347)

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around September 2020, and continuing through in or around June 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIS ALMANSA and
CHRISTIAN CRUZ,
a/k/a "Chris Cruz,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud scheme.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.  The allegations contained in paragraphs 4 through 9 of the Manner and Means of Count 1 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

5.  On or about the dates set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendants, through Brace Yourself, caused the submission of false and fraudulent claims to Medicare seeking reimbursement for the cost of DME, as set forth below:

| Count | Approx. Date of Claim Submission | Medicare Beneficiary | Items Claimed; Approx. Amount Claimed |
|---|---|---|---|
| 2 | June 15, 2021 | A.L. | Thoracic-Lumbar-Sacral Orthosis (TLSO); Knee orthosis; suspension sleeve $2,675 |
| 3 | November 23, 2022 | A.K. | Wrist hand orthosis; Elbow orthosis; $1,098 |
| 4 | December 27, 2022 | L.A. | Wrist hand orthosis; $624 |
| 5 | January 5, 2023 | B.P. | Knee orthosis; $1,058 |
| 6 | January 10, 2023 | L.R. | Wrist hand orthosis; $714 |
| 7 | February 1, 2023 | S.K. | Knee orthosis; $1,058 |
| 8 | May 22, 2024 | M.A. | Elbow orthosis; $733 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 9
**Conspiracy to Defraud the United States and to Make False Statements Relating to Health Care Matters**
**(18 U.S.C. § 371)**

1. The General Allegations section of this Superseding Indictment and the allegations contained in paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around September 2020, and continuing through in or around June 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIS ALMANSA and**
**CHRISTIAN CRUZ,**
**a/k/a "Chris Cruz,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury:

    a. to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare and Medicaid programs, in violation of Title 18, United States Code, Section 371, and to commit certain offense against the United States, that is:

    b. to violate Title 18, United States Code, Section 1035(a)(1), by knowingly and willfully falsifying, concealing, and covering up by any trick, scheme, and artifice, a material fact in any matter involving a healthcare benefit program; and

    c. to violate Title 18, United States Code, Section 1035(a)(2), by knowingly and willfully making any materially false, fictitious, and fraudulent statements and representations,

and making and using any materially false writing and document, knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in any matter involving a healthcare benefit program.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for **JORGE LUIS ALMANSA**, **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators to impair and obstruct the administration and oversight of Medicare by: (a) falsifying and concealing the true ownership, management, and control of Brace Yourself, and the involvement of **ALMANSA** and others in Brace Yourself's business operations; and (b) falsely certifying that they would follow applicable Medicare rules and regulations, including following the Anti-Kickback Statute and not submitting false and fraudulent claims for payment by Medicare nor submitting claims for payment by Medicare with deliberate ignorance or reckless disregard of their truth or falsity.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

4. **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** submitted, or caused the submission of, corporate registration documents with the Florida Department of State, Division of Corporations, for Brace Yourself in which **CRUZ** is listed as the sole manager and registered agent for Brace Yourself.

5. **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** caused the opening of the Brace Yourself Wells Fargo Account listing **CRUZ** as the sole signatory on the bank account.

6. **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators submitted, or caused the submission of, physical and electronic correspondence

and documents to HHS and CMS reflecting that **CRUZ** was the sole owner, manager, and member of Brace Yourself.

7. **JORGE LUIS ALMANSA**, **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators caused the submission of false and fraudulent claims to Medicare in violation of the Anti-Kickback Statute and applicable Medicare rules and regulations.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed in Broward County, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about September 25, 2020, **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** submitted, or caused the submission of, corporate registration documents with the Florida Department of State, Division of Corporations, for Brace Yourself listing **CRUZ** as the sole manager and registered agent for Brace Yourself.

2. On or about January 5, 2021, **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** opened the Brace Yourself Wells Fargo Account.

3. On or about January 28, 2021, **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** submitted, or caused the submission of, a CMS Form 855S application listing **CRUZ** as the sole owner and manager of Brace Yourself, and in which **CRUZ** certified that Brace Yourself would follow applicable Medicare rules and regulations, including not violating the Anti-Kickback Statute and not submitting false and fraudulent claims to Medicare nor submitting claims for payment by Medicare with deliberate ignorance or reckless disregard of their truth or falsity.

4. On or about May 28, 2021, **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** transferred, or caused the transfer of, $27,500.00 from the Brace Yourself Wells Fargo Account to a personal bank account of **ALMANSA**.

5. On or about December 27, 2022, **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** transferred, or caused the transfer of, $41,000.00 from the Brace Yourself Wells Fargo Account to the Cruz Chase Account.

6. On or about June 24, 2024, in an interview with HHS agents, **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** stated that he was the sole owner of Brace Yourself and did not have any partners in the business.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 10-12
### Structuring
### (31 U.S.C. § 5324(a)(3))

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CHRISTIAN CRUZ,**
**a/k/a "Chris Cruz,"**

did knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, structure and assist in structuring a transaction with a domestic financial institution, that is, withdrawals from the Cruz *1805 Chase Account, as set forth below:

| Count | Execution |
|---|---|
| 10 | December 28, 2022, withdrawal of $8,000 from the Cruz Chase Account. December 29, 2022, withdrawal of $8,000 from the Cruz Chase Account. December 30, 2022, withdrawal of $8,000 from the Cruz Chase Account. December 31, 2022, withdrawal of $8,000 from the Cruz Chase Account. |
| 11 | January 3, 2023, withdrawal of $8,000 from the Cruz Chase Account. January 4, 2023, withdrawal of $8,000 from the Cruz Chase Account. January 5, 2023, withdrawal of $8,000 from the Cruz Chase Account. January 6, 2023, withdrawal of $6,000 from the Cruz Chase Account. |
| 12 | February 15, 2023, withdrawal of $8,000 from the Cruz Chase Account. February 16, 2023, withdrawal of $8,000 from the Cruz Chase Account. February 17, 2023, withdrawal of $8,000 from the Cruz Chase Account. |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, or a conspiracy to violate Title 18, United States Code, Section 1343, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 1347 or Section 371, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

4.      Upon conviction of a violation of Title 31, United States Code, Section 5324, as alleged in this Superseding Indictment, the defendant, **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** shall forfeit to the United States property, real or personal, involved in the commission of the offense and any property traceable thereto, pursuant to Title 31, United States Code, Section 5317(c)(l)(A).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7) and Title 31, United States Code, Section 5317(c)(l)(A), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(2), and Title 31, United States Code, Section 5317(c)(1)(B).

A TRUE BILL

FOREPERSON

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
STERLING M. PAULSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA	CASE NO.: 25-CR-60142-DIMITROULEAS/HUNT(s)

v.

JORGE LUIS ALMANSA, et al.

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
        Defendants.

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants    0
Total number of new counts  4

**Court Division** (select one)
☐ Miami      ☐ Key West    ☐ FTP
☑ FTL        ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __8__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                  (Check only one)
   I   ☐ 0 to 5 days                 ☐ Petty
   II  ☑ 6 to 10 days                ☐ Minor
   III ☐ 11 to 20 days               ☐ Misdemeanor
   IV  ☐ 21 to 60 days               ☑ Felony
   V   ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge William P. Dimitrouleas    Case No. 25-CR-60142-DIMITROULEAS/HUNT(s)
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Sterling M. Paulson
Assistant United States Attorney
SDFL Court ID No. A5503032

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Jorge Luis Almansa

Case No: 25-CR-60142-DIMITROULEAS/HUNT(s)

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

Count #s: 2–8

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

Count #: 9

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: Christian Cruz, a/k/a "Chris Cruz"

Case No: 25-CR-60142-DIMITROULEAS/HUNT(s)

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Count #s: 2–8

Health Care Fraud

Title 18, United States Code, Section 1347
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Count #: 9

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Christian Cruz, a/k/a "Chris Cruz"

**Case No**: 25-CR-60142-DIMITROULEAS/HUNT(s)

Count #s:10-12

Structuring

Title 31, United States Code, Section 5324(a)(3)
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**